UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER UCEDA, | Case No.: 2:22-cv-00687-APG-EJY |
| Petitioner | |
| v. | **Order** |
| THE ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Alexander Uceda has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus and paid the filing fee (ECF No. 1). I have reviewed the petition under Habeas Rule 4 and direct that it be served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If Uceda is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Uceda also filed a motion for appointment of counsel (ECF No. 2). There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as

well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Here, Uceda explains that he is in custody in Virginia under an interstate compact.  He urges that counsel is necessary because he lacks a high school degree and COVID-protocols have limited direct law-library access.  However, he articulates his claims clearly, and the legal issues do not appear to be particularly complex.  I am not persuaded at this time that counsel is warranted.  Uceda's motion is denied without prejudice to the filing of a renewed motion for counsel should it become evident that counsel is required to ensure due process.

      I THEREFORE ORDER the Clerk of Court to electronically SERVE the petition (ECF No. 1) on the respondents.

      I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

      I FURTHER ORDER that Uceda's motion for appointment of counsel **(ECF No. 2) is DENIED** without prejudice.

      I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by motion otherwise being subject to the normal briefing schedule under the local rules.  Any response filed is to comply with the remaining provisions below, which are entered under Habeas Rule 5.

      I FURTHER ORDER that any procedural defenses raised by the respondents be raised together in a single consolidated motion to dismiss.  In other words, I do not wish to address any

procedural defenses raised either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents should not file a response that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

      I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

      I FURTHER ORDER that Uceda has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by the respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

      I FURTHER ORDER that any additional state court record exhibits filed by either Uceda or the respondents must be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

I FURTHER ORDER that, at this time, the parties are to send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless requested by the court**.

Dated: May 3, 2022

_____
U.S. District Judge Andrew P. Gordon