# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER UCEDA,<br><br>　　　　Petitioner<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　Respondents. | Case No.: 2:22-cv-00687-APG-EJY<br><br>**Order** |

Pro se 28 U.S.C. § 2254 habeas corpus petitioner Alexander Uceda has filed a second motion for appointment of counsel (ECF No. 5). As I previously explained, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Uceda essentially re-hashes his first motion for counsel – arguing that he requires counsel because he is in custody in Virginia pursuant to an interstate compact, he lacks legal training and COVID-protocols have limited direct law-library access. But as I previously observed, he articulates his claims clearly, and the legal issues do not appear to be particularly complex. I remain unpersuaded that counsel is warranted. Uceda's motion is denied.

I THEREFORE ORDER that petitioner's second motion for appointment of counsel (ECF No. 5) is DENIED.

Dated: July 27, 2022

_____
U.S. District Judge Andrew P. Gordon