# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALEXANDER UCEDA,

      Petitioner

v.

STATE OF NEVADA, *et al.*,

      Respondents.

Case No.: 2:22-cv-00687-APG-EJY

**Order Granting Motion to Dismiss in Part and Granting Motion to Seal**

[ECF Nos. 27, 30]

      In his *pro se* 28 U.S.C. § 2254 habeas corpus petition Alexander Uceda challenges his conviction on several charges including robbery with use of a deadly weapon and discharging a firearm at or into a structure. ECF No. 1.  He argues his trial counsel was ineffective in many ways, such as for failing to obtain written statements from victims and failing to move for a new trial.  The respondents move to dismiss the petition on the basis that ground 1 is procedurally defaulted in part and ground 10 is noncognizable on federal habeas review. ECF No. 30.  I grant the motion in part and dismiss ground 10.  Because I conclude that ground 1 is not procedurally defaulted but is unexhausted, Uceda will have to elect how to proceed with that claim.

## Background

      In June 2012, a Clark County (Nevada) jury convicted Uceda of conspiracy to commit robbery; two counts of robbery with use of a deadly weapon; discharging a firearm out of a motor vehicle; discharging a firearm at or into a structure, vehicle, aircraft, or watercraft; and failure to stop when required on signal of police officer. ECF No. 18-3, Exh. 23.  The convictions stemmed from an incident in Las Vegas where Uceda and an accomplice drove up to another car.  Uceda went up to the car, pointed a gun at the two victims, and robbed them.  The

victims followed Uceda and the accomplice, and Uceda fired out the window at the victims' car. Uceda and the accomplice led police on a high-speed chase. Police located the vehicle in the driveway of an abandoned house; the two men were found hiding nearby. *See* ECF No. 17-7, Exh. 20 at 166-172. The state district court adjudicated Uceda a habitual criminal and sentenced him to life without the possibility of parole for discharging a firearm out of a motor vehicle. ECF No. 19-13, Exh. 37. Judgment of conviction was entered on August 28, 2012.[1] *Id.*

On direct appeal, the Supreme Court of Nevada affirmed his convictions in part and reversed in part. ECF No. 20-22, Exh. 67. The court explained that the sentence of life without the possibility of parole for discharging a firearm out of a motor vehicle was an illegal sentence. The charge was not one of the listed felonies in the habitual felons statute Nevada Revised Statutes (NRS) 207.012(2), and the record did not indicate that the State had introduced sufficient prior convictions to support the sentence under the habitual criminals statute NRS 207.010(b). The court thus vacated the sentence on that count and remanded for resentencing. The state district court entered an amended judgment of conviction on July 30, 2014, sentencing Uceda on each count of robbery with a deadly weapon to life without the possibility of parole. ECF No. 20-28, Exh. 73.

Uceda appealed, and the Supreme Court of Nevada reversed again. ECF No. 22-1, Exh. 116. The court explained that the sentencing correction violated double jeopardy and that under NRS 207.012 Uceda could be sentenced to a term of 10-to-25 years for each count of robbery with a deadly weapon. On remand the district court entered a second amended judgment of conviction resentencing Uceda to concurrent terms of 10-to-25 years for the robbery counts. ECF No. 22-13, Exh. 128.

---

[1] Uceda is incarcerated at Red Onion State Prison in Pound, Virginia. ECF No. 1 at 1.

In August 2016, Uceda moved for reversal of his convictions based on structural error. ECF No. 22-9, Exh. 124.  The state district court denied the motion. ECF No. 22-14, Exh. 129. Affirming, the Supreme Court of Nevada held that the motion for reversal should have been construed as a motion for new trial, and therefore was untimely. ECF No. 23-4, Exh. 144.  The Supreme Court of Nevada also affirmed the denial of Uceda's state postconviction petition in January 2022. ECF No. 26-11, Exh. 184.

Uceda filed his federal petition in April 2022, alleging ten grounds for relief:

Ground One:  Trial counsel was ineffective for failing to object to the district court's failure to administer the oath or affirmation to the jury prior to voir dire as required by NRS 16.030(5) and appellate counsel was ineffective for failing to raise the district court's failure to administer the oath on direct appeal.

Ground Two:  Trial counsel was ineffective for failing to file a motion for a new trial.

Ground Three: Trial counsel was ineffective for failing to obtain the written statements of the victims prior to trial.

Ground Four:  Trial counsel was ineffective for failing to move to suppress the search of a vehicle and contents therein.

Ground Five:  Trial counsel was ineffective for failing to object to the introduction of police reports.

Ground Six:  Trial counsel was ineffective for failing to object to the use of the phrase "bullet hole."

Ground Seven: Trial counsel was ineffective for failing to object when the prosecution improperly refreshed the memory of a witness.

Ground Eight: Trial counsel was ineffective for failing to object to the prosecution's argument that the imposition of a habitual sentence was mandatory.

Ground Nine: The state district court erred by not finding that cumulative error entitled Uceda to a reversal of his convictions.

Ground Ten:   The Nevada Department of Corrections misinterpreted the
calculation of Uceda's prison sentence.

ECF No. 1.  The respondents move to dismiss ground 10 as noncognizable in federal habeas and

ground 1 as procedurally defaulted in part. ECF No. 30.  Uceda did not oppose the motion or

respond in any way.

**Discussion & Analysis**

**A.  Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner

has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509

(1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on

each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v.

Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A

claim remains unexhausted until the petitioner has given the highest available state court the

opportunity to consider the claim through direct appeal or state collateral review proceedings.

*See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374,

376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the

federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional

implications of a claim, not just issues of state law, must have been raised in the state court to

achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*,

404 U.S. at 276)).  And the state court must be "alerted to the fact that the prisoner [is] asserting

claims under the United States Constitution" and be given the opportunity to correct alleged

violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see*

1   *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b)

2   "provides a simple and clear instruction to potential litigants: before you bring any claims to

3   federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d

4   478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals

5   to broad constitutional principles, such as due process, equal protection, and the right to a fair

6   trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.  However, citation to

7   state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319

8   F.3d 1153, 1158 (9th Cir. 2003) (en banc).

9     **B.  Procedural Default**

10     "Procedural default" refers to the situation where a petitioner in fact presented a claim to

11   the state courts, but the state courts disposed of the claim on procedural grounds, instead of on

12   the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  A federal court will not review

13   a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a

14   state law ground that is independent of the federal question and adequate to support the

15   judgment. *Id*.

16     The *Coleman* Court explained the effect of a procedural default:

17       In all cases in which a state prisoner has defaulted his federal claims in state court
        pursuant to an independent and adequate state procedural rule, federal habeas

18       review of the claims is barred unless the prisoner can demonstrate cause for the
        default and actual prejudice as a result of the alleged violation of federal law or

19       demonstrate that failure to consider the claims will result in a fundamental
        miscarriage of justice.

20

21   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The

22   procedural default doctrine ensures that the state's interest in correcting its own mistakes is

23

respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). And that external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### *Ground 1 is not procedurally defaulted in part but is unexhausted in part.*

In ground 1, Uceda contends that his trial counsel was ineffective for failing to object to the district court's failure to administer the oath or affirmation to the jury prior to voir dire, and appellate counsel was ineffective for failing to raise this issue on appeal. ECF No. 1 at 3. The Supreme Court of Nevada denied the ineffective assistance of trial counsel claim on the merits. ECF No. 26-11, Exh. 183 at 3. The court refused to consider the appellate counsel claim because Uceda raised it for the first time in the appeal of the district court's denial of his petition. *Id.* at 3, n.1. The respondents argue that the court applied a mandatory procedural bar to the appellate counsel claim because it cited to *Davis v. State*, 817 P.2d 1169, 1173 (Nev. 1991) (overruled on other grounds by *Means v. State*, 103 P.3d 25 (Nev. 2004) (the appellate court need not consider a claim that was not raised in the original postconviction petition and not considered by the district court).[2] I am not convinced that this is an independent and adequate state law ground.[3]

---

[2] I, *Davis* the Supreme Court of Nevada stated only that it "need not" consider a claim not raised below; the court did not say it was barred from doing so. And in fact in *Davis* the court did consider the claim at issue because it alleged serious prosecutorial misconduct.

[3] Independent and adequate state law grounds include applying a time-bar and rejecting a petition as second and successive or an abuse of the writ. *See, e.g.*, NRS 34.726; NRS 34.810; *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003) ("[a] state procedural rule is 'adequate' if it is 'clear, consistently applied, and well-established at the time of the purported default . . . . A state procedural bar is

1   But presenting a claim for the first and only time in a procedural context in which its merits will

2   not be considered does not constitute fair presentation for the purposes of exhaustion. *Castille v.*

3   *Peoples*, 489 U.S. 346, 351 (1989).  The ineffective assistance of appellate counsel claim in

4   ground 1 is unexhausted.

5       **C.  Cognizability (state-law claim)**

6           A state prisoner is entitled to federal habeas relief only if he is being held in custody in

7   violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  Alleged

8   errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v.*

9   *Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th

10  Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its

11  own laws").

12          ***Ground 10 is a state-law claim and not cognizable on federal habeas review***.

13          Uceda asserts that the Nevada Department of Corrections misinterpreted the calculation

14  of his prison sentence. ECF No. 1 at 79-84.  The respondents are correct that this is a purely

15  state-law claim.  Uceda does not even allege a violation of his constitutional rights but seeks

16  "sentencing clarification." *Id*. at 79.  Ground 10 is dismissed for failure to state a claim for which

17  federal habeas relief may be granted.  The respondents are also correct that ground 10 is

18  unexhausted because Uceda did not present this claim in state court. *See* ECF No. 20-6, Exh. 51;

19  ECF No. 21-6, Exh. 86; ECF No. 22-23, Exh. 138; ECF No. 26-1, Exh. 173.

20  / / / /

21  / / / /

22

23  'independent' if the state court explicitly invokes the procedural rule as a separate basis for its decision");
    *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

**D. Uceda's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*.  Here, I conclude that the ineffective assistance of appellate counsel claim in ground 1 is unexhausted.  Because the petition contains an unexhausted claim, Uceda has these options:

> 1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

> 2.     He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

> 3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Uceda wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether or not his unexhausted claim is plainly meritless.  The respondents would then be granted an opportunity to respond, and Uceda to reply. Or Uceda may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Uceda's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Uceda is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**E.  Motion for Leave to File Exhibit Under Seal**

The respondents have also moved for leave to file an exhibit under seal. ECF No. 27. While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).  In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).  Here, the respondents ask to file Uceda's presentence investigation report (PSI) under seal because it is confidential under state law, was sealed in state court and never made a part of the public record, and contains sensitive information.  The respondents have demonstrated compelling reasons to file the PSI under seal.  I grant the motion, and the PSI will remain under seal.

**Conclusion**

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 30] is granted in part** as follows:

- Ground 10 is DISMISSED as noncognizable on federal habeas review;
- The ineffective assistance of appellate counsel claim in ground 1 is UNEXHAUSTED.

I FURTHER ORDER that Uceda has **until October 25, 2023** to either: (1) file a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR** (2) file a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted ground; **OR** (3) file a motion for stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted ground.  If Uceda files a motion for a stay and abeyance, or seek other appropriate relief, the respondents may respond to such motion as provided in Local Rule 7-2.

I FURTHER ORDER that if Uceda elects to abandon his unexhausted grounds, the respondents have **30 days** from the date Uceda serves his declaration of abandonment to file an answer to Uceda's remaining grounds for relief.  The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

I FURTHER ORDER that Uceda has **30 days** following service of the respondents' answer in which to file a reply.

I FURTHER ORDER that if Uceda fails to respond to this order within the time permitted, this case may be dismissed.

I FURTHER ORDER that the respondents' motion for leave to file exhibit under seal **[ECF No. 27] is GRANTED**.  The exhibit will remain under seal.

Dated: September 20, 2023

_____
U.S. District Judge Andrew P. Gordon

11